IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BILLY RAY SPENCER,<br><br>                Plaintiff<br><br>    VS.<br><br>DAN GREATHOUSE, *et al*.,<br><br>                Defendants | NO. 5:00-CV-576 (DF)<br><br>**PROCEEDINGS UNDER 42 U.S.C. § 1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Plaintiff BILLY RAY SPENCER filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. §1983. He has sued defendants DAN GREATHOUSE, KEN PARTRIDGE, and TOMMY LYONS, alleging that the defendants violated his constitutional rights in connection with four arrests between 1998 and 2000. Specifically, the plaintiff claims that he was falsely arrested and imprisoned in connection with said arrests.

Before the court are the defendants' **MOTIONS FOR SUMMARY JUDGMENT**. Tabs #41 and #45. The motions are supported by a briefs, affidavits, and various other documents. The court advised the plaintiff of said motions and his duty to respond properly thereto. Tabs #44 and #46. The plaintiff has filed a response to the defendants' motions. Tab #47. In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's response.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## DISCUSSION
## 1. Statute Of Limitations

The plaintiff has filed the current action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. §1983 does not contain a limitations period. Therefore, the courts have to look to the most analogous state limitations period in order to establish a time limitation for federal causes of action under §1983. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). Under Georgia law, claims under §1983 are governed by O.C.G.A. §9-3-33 which imposes a two-year limitations period. *Leal v. Georgia Department of Corrections*, 254 F.3d 1276, 1279 (2001).

The plaintiff alleges that two of the arrests that gave rise to this lawsuit occurred in March and September of 1998. However, the plaintiff did not file the within complaint until December 7, 2000, well after the applicable period of limitations had run. Therefore, because the March and September 1998 arrests occurred more than two years before he bought suit, these claims are barred.

Because all of plaintiff's claims pertaining to defendant LYONS revolve around the September 1998 arrest, IT IS RECOMMENDED that his MOTION FOR SUMMARY JUDGMENT (Tabs #41) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

## 2. Fourth Amendment

In his complaint, plaintiff claims that his February 19, 1999, and March 8, 2000, arrests violated his constitutional rights. Specifically, he alleges that there was no probable cause to arrest him on either of those dates.

Under *Terry v. Ohio*, 392 U.S. 1, note 16 (1968), a seizure occurs when an officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. If there is no probable cause to support such a seizure, it is unreasonable under the Fourth Amendment. However, probable cause is an absolute bar to a false arrest claim under §1983. *See Marx v. Gumbinner*, 905 F.2d. 1503, 1505-1506 (11th Cir. 1991). A law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances, that the suspect has committed, is committing, or is about to commit an offense. *Williamson v. Mills*, 63.F.3d 155(11th Cir. 1995) (*citing Von Stein v. Brescher,* 904 F.2d 572, 578 (11th Cir. 1990).

In the present case, defendants GREATHOUSE and PARTRIDGE have submitted evidence that the Magistrate Court made a preliminary finding of probable cause for both the February 19, 1999, and March 8, 2000, arrests of plaintiff. As noted by the defendants, under Georgia law, this is *prima facie* evidence of probable cause. *See Lindsay v. West*, 6. Ga. App. 284 (1909). In his response to the defendants' motions, the plaintiff has come forward with nothing but his unsupported allegations to show lack of probable cause. This is inadequate to rebut a properly supported summary judgment motion.

Accordingly, IT IS RECOMMENDED that defendants GREATHOUSE and PARTRIDGE'S MOTION FOR SUMMARY JUDGMENT (Tab #45) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 21st day of OCTOBER, 2005.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

4